UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC NORMAN OLSEN,<br><br>   Petitioner,<br><br>   v.<br><br>DANIEL STONE,<br><br>   Respondent. | Case No. EDCV 18-1550 JFW(JC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BASED ON PETITIONER NOT BEING "IN CUSTODY" |

On July 10, 2018, the Clerk received petitioner Eric Norman Olsen's *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody" with attachments (collectively, the "Petition"), and accompanying exhibits including the Clerk's Transcript ("CT"), which were formally filed on July 20, 2018.[1] Petitioner – who is not confined – challenges a 2007 conviction in San Bernardino County Superior Court Case No. FWV038654 ("State Case"). (Petition at 2). The Petition reflects that in the State Case: (1) petitioner pleaded nolo contendere to six counts of lewd acts on a child for which he was sentenced on July 6, 2007 to five years in state prison; (2) petitioner was paroled under the supervision of the Riverside

---

[1] As the pages of the Petition are not sequentially numbered, the Court refers to pages as they are numbered on the docket in the Court's Case Management/Electronic Case Filing (CM/ECF) System.

1

Parole Unit in Riverside County on November 11, 2010; and (3) petitioner was discharged from parole on November 11, 2015. (Petition at 2, 9, 26-27; CT 191-206).

Federal courts have subject matter jurisdiction to consider habeas petitions by individuals challenging state court criminal judgments only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a); Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994). Once a petitioner's sentence has fully expired, he is precluded from challenging that conviction because he is no longer "in custody" for purposes of federal habeas review. Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam).

Although there are recognized exceptions to the "in custody" jurisdictional requirement for federal habeas review, none appear to apply in this case. "Habeas corpus jurisdiction has been extended beyond that which the most literal reading of [28 U.S.C. section 2241] might require, to individuals who, though not subject to immediate physical imprisonment, are subject to restraints not shared by the public generally that significantly confine and restrain their freedom." Miranda v. Reno, 238 F.3d 1156, 1158-59 (9th Cir. 2001) (citations, internal quotations marks and brackets omitted), cert. denied, 534 U.S. 1018 (2001). For example, federal courts have exercised habeas corpus jurisdiction over: (1) a state prisoner on parole, Jones v. Cunningham, 371 U.S. 236, 240 (1963); (2) a convict released on his own recognizance pending execution of his sentence, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973); (3) an individual who is free on bail, Lefkowitz v. Newsome, 420 U.S. 283, 286 n.2, 291 n.8 (1975); (4) an individual sentenced to attend an alcohol rehabilitation program for fourteen hours, Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993), cert. denied, 510 U.S. 1110 (1994); (5) an individual who, though not in physical custody, was subject to a final order of deportation, Williams v. INS, 795 F.2d 738, 744-45 (9th Cir. 1986); and (6) an individual subjected to the extreme circumstance of being removed by immigration

authorities "in violation of the immigration judge's order and after interference with his right to counsel," Singh v. Waters, 87 F.3d 346, 349 (9th Cir.1996). See Miranda v. Reno, 238 F.3d at 1158-49 (discussing exceptions); compare Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir.) (holding that requiring sex offender registration following discharge from custody and parole is insufficient to meet the "in custody" requirement for habeas jurisdiction), cert. denied, 528 U.S. 963 (1999). Here, petitioner has alleged no circumstances suggesting that he is subject to any restraints on his freedom as could extend habeas jurisdiction to this case.

In limited instances, a state prisoner may challenge an expired state conviction through federal habeas corpus, when the prior conviction is used to enhance a current state sentence. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001). Here, petitioner has not alleged that he is serving a current state sentence – let alone one that has been enhanced by his conviction in the State Case – and instead indicates he is "not confined." (Petition at 1).

In light of the foregoing, within fourteen (14) days of the date of this Order, petitioner is ORDERED TO SHOW CAUSE, in writing, why this action should not be dismissed for lack of subject jurisdiction because petitioner was not "in custody" when he filed the Petition. If petitioner asserts that he is "in custody" or was "in custody" when he filed the instant Petition, or that he is serving a current sentence enhanced by his expired conviction in the State Case, petitioner's response to this Order to Show Cause must expressly so state and must explain the basis for such assertion under penalty of perjury.

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause may result in the dismissal of this action (1) for lack of subject matter jurisdiction based on petitioner not being in custody; (2) based on petitioner's failure to comply with this Order to Show Cause; and/or (3) based on petitioner's failure to prosecute.**

In the event petitioner concedes that he is not "in custody," and accordingly,

that dismissal is appropriate based on the lack of subject matter jurisdiction, he may expedite matters by signing and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action.

IT IS SO ORDERED.

DATED: August 1, 2018

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Attachment