UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC NORMAN OLSEN,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL STONE,<br><br>    Respondent. | Case No. EDCV 18-1550 JFW(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION |

On July 10, 2018, the Clerk received petitioner Eric Norman Olsen's *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody" with attachments (collectively, the "Petition"), and accompanying exhibits including the Clerk's Transcript ("CT"), which were formally filed on July 20, 2018.[1] Petitioner – who is not confined – challenges a 2007 conviction in San Bernardino County Superior Court Case No. FWV038654 ("State Case"). (Petition at 2). The Petition reflects that in the State Case: (1) petitioner pleaded nolo contendere to six counts of lewd acts on a child for which he was sentenced on July 6, 2007 to five years in state prison; (2) petitioner was paroled under the supervision of the Riverside Parole

---

[1] As the pages of the Petition are not sequentially numbered, the Court refers to pages as they are numbered on the docket in the Court's Case Management/Electronic Case Filing (CM/ECF) System.

1

Unit in Riverside County on November 11, 2010; and (3) petitioner was discharged from parole on November 11, 2015. (Petition at 2, 9, 26-27; CT 191-206).

On August 1, 2018, this Court issued an Order to Show Cause Why This Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction ("OSC"), because it appeared that petitioner was not "in custody" when he filed the instant Petition. (Docket No. 6). As the Court advised: (1) federal courts have subject matter jurisdiction to consider habeas petitions by individuals challenging state court criminal judgments only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" (28 U.S.C. §§ 2241(c)(3), 2254(a); Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994)); (2) once a petitioner's sentence has fully expired, he is precluded from challenging that conviction because he is no longer "in custody" for purposes of federal habeas review (Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam)); and (3) certain recognized exceptions to the "in custody" jurisdictional requirement appeared not to apply in this case. (OSC at 2-3).

On August 13, 2018, petitioner filed a response to the OSC ("Response"), stating that he was "in custody" when he filed a habeas petition in 2015 (the "2015 Petition") in Olsen v. Stone, EDCV 15-2014-JFW(JC) (the "Prior Action"), which attempted to challenge the same conviction. (Response at 2). The Court summarily dismissed the 2015 Petition without prejudice because it was wholly unexhausted. (Docket Nos. 4-5 in the Prior Action (order and judgment dismissing the 2015 Petition, filed on October 13, 2015)). Petitioner previously attempted to file the instant Petition as an "amended" petition in the Prior Action, but since there was no basis in the record to vacate the judgment which had been entered in the Prior Action over two and one half years earlier, the Court ordered the Clerk to open a new action and to file the proposed amended petition as an original Petition in this action. (Docket No. 7 in the Prior Action (order)). Petitioner argues that the Petition in this action is not "successive," and should be treated with the 2015

Petition as one application for relief to confer jurisdiction. (Response at 1-2 (citing Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (second habeas petition is not "successive" if claim raised in first habeas petition was dismissed as premature), and Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (petitioner must be "in custody" at the time a habeas petition is filed)).

The Ninth Circuit has considered and rejected the argument petitioner now makes. See Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999). Henry had filed his first habeas petition in federal court in 1990, which was dismissed without prejudice in 1995 for failure to exhaust. Henry thereafter exhausted his claims in state court and filed another federal habeas petition in 1997 – after his release from prison and discharge from parole – arguing that the date he filed his original petition should determine whether he satisfied Section 2241's "in custody" requirement. Id. at 1241. The Ninth Circuit disagreed, finding that the district court's dismissal of the original petition for failure to exhaust state remedies "terminated the litigation" and, accordingly, the subsequent petition would not "relate back" to the date the original petition was filed. Id. (citations omitted; distinguishing Miller v. Laird, 464 F.2d 533 (9th Cir. 1972) (holding that an amended petition relates back to the date of the original petition where the original petition had not been dismissed and the action was still pending)); see generally Rasberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006) (habeas petition does not relate back to the date of filing of prior federal habeas proceeding which was dismissed without prejudice); Dils v. Small, 260 F.3d 984, 985 (9th Cir. 2001) ("Dils argues that his third petition relates back to his first petition. Our decisional law forecloses that contention if the first petition was no longer pending.") (citations omitted); compare Keating v. Hood, 191 F.3d 1053, 1060 (9th Cir. 1999) (new habeas petition filed before first petition was dismissed was properly treated as amendment or resubmittal of first petition, notwithstanding state's contention that petitioner was not "in custody" at the time he filed a new

petition), cert. denied, 531 U.S. 824 (2000), overruled in part on another ground by, Payton v. Woodford, 346 F.3d 1204, 1217 n.18 (9th Cir. 2003) (en banc); Evers v. Napolitano, 2010 WL 5115410, at *2 (N.D. Cal. Dec. 9, 2010) (petitioner was "in custody" under Section 2241 where amended petition filed after release from custody related back to pending habeas petition that was filed when he was in custody; original petition had been dismissed with leave to amend and thus was still "pending for further proceedings either by amendment . . . or entry of final judgment" when the amended petition was filed) (citations omitted).

The Ninth Circuit sometimes has permitted "relation back" in a habeas action where there was something "improper" about the District Court's dismissal of a prior proceeding. See, e.g., Anthony v. Cambra, 236 F.3d 568, 573-74 (9th Cir. 2000) (outright dismissal of "mixed" petition was improper), cert. denied, 533 U.S. 941 (2001); Calderon v. United States District Court, 163 F.3d 530, 540 (9th Cir. 1998) (en banc) (noting that district court could exercise nunc pro tunc power to deem recently filed habeas petitions to have been filed as of filing date of two earlier petitions that were erroneously dismissed), cert. denied, 526 U.S. 1060 (1999), abrogated on other grounds, Woodford v. Garceau, 538 U.S. 202 (2003). However, there was nothing improper about this Court's dismissal of the Prior Action.

Petitioner has neither argued nor shown that he was "in custody" at the time he filed the instant Petition, or that he meets one of the recognized exceptions to the "in custody" requirement for federal habeas review. Because it plainly appears from the face of the Petition and its exhibits that this Court lacks jurisdiction to grant habeas relief to petitioner, this action is hereby dismissed for lack of subject matter jurisdiction. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (requiring dismissal where it plainly appears from the

///

face of a petition and its exhibits that petitioner is not entitled to federal habeas relief as requested).

IT IS SO ORDERED.

IT IS FURTHER ORDERED that Judgment be entered accordingly and that the Clerk serve a copy of this Order and the Judgment on petitioner and on any counsel for respondent.

DATED: September 6, 2018

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE